# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

TAMMANY KATHLEEN        )
SPENCE,                 )
                        )
    Plaintiff,         )
                        )
v.                      )
                        )        CV620-120
KILOLO KAJAKAZI,[1]              )
Acting Commissioner of  )
Social Security,        )
                        )
    Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Tammany Kathleen Spence seeks judicial review of the Social Security Administration (SSA)'s denial of her applications for Disability Insurance Benefits and Supplemental Security Income.   *See, e.g.,* doc. 19 at 4.

## I.  GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir.

---

[1]  Kilolo Kajakazi is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

> 2011).   "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Id.* (quotation omitted).   . . .   "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."   *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted).   "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014);

*see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019)

("Substantial evidence . . . is 'more than a mere scintilla.'  [Cit.]   It

means—and means only—'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" (citations omitted)).

The burden of proving disability lies with the claimant.   *Moore v.*

*Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled.   20 C.F.R. § 404.1520(a)(1).   If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step.   *Id*. § 404.1520(a)(4).   At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.   *Id*. § 404.1520(a)(4)(i).   At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe."   *Id*. § 404.1520(a)(4)(ii).   At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment.   *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the

claimant has the RFC[2] to perform her past relevant work.  *Id.*
§ 404.1520(a)(4)(iv).    If  the  claimant  cannot  perform  her  past
relevant  work,  the  ALJ  must  determine  at  step  five  whether  the
claimant  can  make  an  adjustment  to  other  work,  considering  the
claimant's  RFC,  age,  education,  and  work  experience.    An  ALJ
may  make  this  determination  either  by  applying  the  Medical
Vocational  Guidelines  or  by  obtaining  the  testimony  of  a
[Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x. 878, 879 (11th Cir.

2015) (footnote added).

## II.   BACKGROUND

On January 23, 2017, Spence applied for a period of disability

benefits and Supplemental Security Income.  Tr. 309-26.  She alleged

disability beginning on April 21, 2015.  Tr. 309.  Her claims were

initially denied on May 3, 2019.  Tr. 145-54.  She appealed the denial,

and the Appeals Council remanded the case.  Tr. 161-62.  On June 4,

---

[2]  At steps four and five, the ALJ assesses the claimant's residual functional capacity
(RFC) and ability to return to her past relevant work.  *Phillips v. Barnhart*, 357 F.3d
1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R.
§ 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir.
Aug. 17, 2022).    RFC is what "an individual is still able to do despite the limitations
caused by his or her impairments."  *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v.
Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012).  "The ALJ makes the
RFC determination based on all relevant medical and other evidence presented.    In
relevant part, the RFC determination is used to decide whether the claimant can
adjust to other work under the fifth step."  *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x
813, 818 (11th Cir. 2015) (quotes and cite omitted).

2020, the ALJ issued an unfavorable decision.   Tr. 25-36.   The Appeals Council denied her request for review.   Tr. 1-5.

Plaintiff was thirty-four years old when she alleges she became disabled and thirty-nine years old when the ALJ issued his decision.   *See* doc. 19 at 4 (citing Tr. 22, 80); doc. 21 at 2 (citing Tr. 36, 309).   On the alleged onset date, she was involved in an automobile accident which resulted in a fracture of her tibia and fibula.   *See* doc. 19 at 5.   She underwent multiple surgeries to address the fracture.   *Id.*   She continues to experience pain and limitations related to her injury.   *Id.*

Upon remand from the Appeals Council, and after a telephonic hearing, the ALJ found that Spence was not disabled.   Tr. 25-26; *see also* doc. 19 at 4 (reciting procedural history).   The ALJ found that Spence met the insured status requirement through December 31, 2020.   Tr. 28. He found, at step one, that she had not engaged in substantial gainful activity since April 21, 2105.   *Id.*   At step two, he found that plaintiff's status post multiple surgeries to repair her fractured tibia and fibula constituted severe impairments.   *Id.*   Despite finding plaintiff had a severe impairment, he found that she did not have an impairment or combination of impairments that meets or medically equals a listing.

Tr. 30.   Based on the evidence of record, the ALJ found that Spence had the residual functional capacity to perform the full range of sedentary work.   *Id.*   At step four he concluded that plaintiff was capable of performing her past relevant work as a night auditor.   Tr. 36.   Based on the finding that she was capable of performing her past relevant work, the ALJ concluded that she was not disabled.   Tr. 35-36.

## III.  ANALYSIS

Spence argues the ALJ erred in three ways.   *See* doc. 19 at 3. First, she argues that the ALJ failed to adequately support his conclusion that she was capable of performing her past relevant work as a night auditor.   *See id.* at 7-14.   Second, she argues that the ALJ erred by finding that her complex regional pain syndrome (CRPS) was not a medically determinable impairment.   *Id.* at 15-20.   Finally, she argues that the Commissioner's decision is constitutionally defective.   *Id.* at 20-25.

The Commissioner argues, in response, that the ALJ properly considered the general requirements of work as a night auditor, regardless of the requirements of plaintiff's specific jobs.   *See* doc. 21 at 4-13.   More specifically, the Commissioner disputes plaintiff's

contention that her past work qualified as a "composite job."  *See id.* at 9-13 (citing, *inter alia, Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018)).   The Commissioner also argues that plaintiff has not borne her burden of establishing that her CRPS was a medically determinable impairment because she has failed to point to "any clinical sign that [relevant administrative authority] indicates is required for a finding that CRPS is a medically determinable impairment."  *Id.* at 15. Finally, the Commissioner concedes that "42 U.S.C. § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause."  *Id.* at 18.   Despite that concession, the Commissioner contends that Spence has not shown any harm from that constitutional defect that entitles her to relief.  *Id.* at 19-29.

Spence's reply focuses on the Commissioner's arguments concerning whether her previous jobs as a night auditor were "composite jobs," and her constitutional claim.   *See generally* doc. 22.   Specifically, she points to inconsistencies between the Dictionary of Occupational Titles' (DOT) description of "night auditor," and her previous job responsibilities.   *See id.* at 1-3.   In support of her constitutional

challenge, she contends that she is entitled to remand because "harm is presumed . . . in claims involving the violation of the separation of powers," and "the reasons for [former Commissioner] Saul's firing show the possibility of compensable harm . . . ." Doc. 22 at 5-6. Her reply does not discuss her brief's assertion of an error concerning her CRPS. *See generally id.*

Despite the order of the parties' discussion of Spence's challenges, the Court must reorganize them according to the sequential structure of the disability inquiry. Thus, the Court begins with her argument that the ALJ erred, at step two, in failing to find that her CRPS was a medically determinable impairment. *See, e.g., Willyard v. Saul*, 2020 WL 7074467, at *2 (M.D. Fla. Dec. 3, 2020). Only if the Court finds that the ALJ's conclusion at step two was supported by substantial evidence can it properly consider whether his subsidiary conclusion at step five is supported by substantial evidence. The prudential mandate that the Court "not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936), precludes disposition of Plaintiff's constitutional

argument unless her other arguments fail.   Since, as discussed below, the ALJ's failure to explicitly address Spence's CRPS requires remand, the Court does not reach either of the remaining issues.[3]

Complex Regional Pain Syndrome is a "constellation of symptoms and signs that may occur following an injury to bone or soft tissue."   SSR 03-2p, 2003 WL 22399117, at *1 (Oct. 20, 2003).   A plaintiff establishes CRPS is a medically determinable impairment by showing "the presence of persistent complaints of pain that are typically out of proportion to the severity of any documented percipient and one or more of the following clinically documented signs . . . : swelling; autonomic instability—seen as changes in skin color or texture, changes in sweating (decreased or excessive sweating), changes in skin temperature, and abnormal pilomotor erection (gooseflesh); abnormal hair or nail growth (growth can be either too slow or too fast); osteoporosis; or involuntary movements of

---

[3]   *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on other issues, but instructing on remand that "the ALJ is to reconsider [claimant's] claim based on entire record"); *see also Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings).

the affected region of the initial injury." *Id.* at *4.  Despite recognizing the distinctive features of CRPS, claims "are adjudicated using the sequential evaluation process, just as for any other impairment." *Id.* at *6.

Plaintiff concedes that the ALJ recognized her CRPS diagnosis, but argues that he failed to fully address it.  Doc. 19 at 17; *see also* Tr. 33. The Commissioner argues that the ALJ's cursory acknowledgement of the CRPS diagnosis is sufficient because "Plaintiff fails to present evidence showing the presence of any clinical sign that SSR 03-2p indicates is required for a finding that CRPS is a medically determinable impairment."  Doc. 21 at 15.  Further, the Commissioner argues that "even if the ALJ erred by not identifying CRPS . . . as a severe medically determinable impairment," the error was harmless because the ALJ proceeded beyond step two.  *Id.* at 16-17.

Although Plaintiff is generally correct that an ALJ's total failure to analyze CRPS at step two can constitute error, the cases remanded based on that error involve a showing of at least one of the "clinically documented signs" identified in the SSR.  For example, the case that Plaintiff principally relies upon, *Channell v. Kijakazi*, notes that "the

ALJ made no mention of the discoloration, swelling, and hypersensitivity," noted by the plaintiff's physicians. 2021 WL 3131669, at *7 (M.D. Ala. July 23, 2021); *see also* doc. 19 at 17-18. This Court has also found that the ALJ's failure to discuss a CRPS diagnosis warranted remand. *See generally Hawkes v. Colvin*, 2014 WL 129341 (S.D. Ga. Jan. 14, 2014). There too, the court expressly found that remand was appropriate because the ALJ did not consider "evidence that Plaintiff had at least four clinically documented signs of [CRPS]." *Id.* at *5. There is no evidence in this case analogous to the evidence of the "clinically documented signs" in other cases considering CRPS.[4] Plaintiff's initial brief, despite acknowledging the SSR, completely omits any discussion that it requires additional "clinically documented signs," beyond pain. *See* doc. 19 at 15-16. Even after the Commissioner's brief explicitly points out the lack of any required clinical sign, *see* doc. 21 at 15, Plaintiff's reply is silent on the issue, *see generally* doc. 22.

The Commissioner also argues that, "even if the ALJ erred by not identifying CRPS . . . as a severe medically determinable impairment,

---

[4] Despite the recognition that the lack of identifiable "clinical signs" precludes finding that the ALJ erred in considering Plaintiff's CRPS at step two, the Court notes that the ALJ's opinion does not make any explicit findings that the signs are absent.

10

Plaintiff could not obtain a remand," because the ALJ found at least one severe impairment and proceeded past step two of the five-step inquiry. Doc. 21 at 16-17.   The Eleventh Circuit has recognized, "there is no need for an ALJ to identify every severe impairment at step two."   *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014). The evaluation at step two is "a 'filter' requiring the denial of any disability claim where no severe impairment or combination of impairments is present."   *Id.* at 950 (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

Despite the general harmlessness of failure to identify CRPS as a severe impairment at step two, courts have recognized that, in some circumstances, remand is still warranted.   The Middle District of Florida remanded for further consideration of a plaintiff's CRPS diagnosis where "the ALJ did not engage with SSR 03-2p at all."   *Plair v. Comm'r of Soc. Sec.*, 2022 WL 703013, at *4 (M.D. Fla. Mar. 9, 2022). The ALJ here did not engage in significantly more analysis of Plaintiff's CRPS than was determined insufficient in *Plair*.   The *Plair* court noted that the ALJ's failure to consider the plaintiff's CRPS precluded it from "evaluat[ing] whether the ALJ properly considered Plaintiff's subjective

pain complaints . . .," among other issues.  *Id.* at *6.  *Plair*, therefore, shows that failure to fully consider a CRPS diagnosis may be reversible error, even if the failure to identify it as a severe impairment at step two is harmless.

The Commissioner's brief, which cites to *Plair*, does not discuss whether the ALJ's failure to discuss Plaintiff's CRPS might undermine his analysis at subsequent steps.  *See* doc. 21 at 17-18.  In apparent, if implicit, recognition of that possibility the Commissioner contends that, "Plaintiff fails to identify additional limitations her CRPS would have caused."  Doc. 21 at 17.  That contention, however, seems to ignore Plaintiff's concern that the ALJ's failure to fully consider her CRPS resulted in his failure, in formulating her RFC, "to account for the 'behavioral and cognitive effects' of [her] medications and her pain as required by SSR 03-02p."  Doc. 19 at 18.  Despite the Commissioner's dismissal of Plaintiff's contention as "speculation," *see* doc. 21 at 17-18, her brief clearly explains that the ALJ's failure to fully consider her CRPS implicates his conclusion that she could perform her past relevant work as a night auditor, which "requires the ability to 'apply principles of rational systems to solve practical problems and deal with a variety of

concrete variables in situations where only limited standardization exists' and 'interpret a variety of instructions in written, oral, diagrammatic, or schedule form,'" doc. 19 at 19 (quoting description of "night auditor," *see* doc. 19-1 at 1).   The ALJ's RFC analysis does not consider potential cognitive limitations at all.   *See* tr. 33-34.

The SSR explicitly recognizes that "[c]hronic pain and many of the medications prescribed to treat it may affect an individual's ability to maintain attention and concentration, as well as adversely affect his or her cognition, mood, and behavior, and may even reduce motor reaction times.  . . .   When evaluating duration and severity, as well as when evaluating RFC, the effects of chronic pain and the use of pain medications must be carefully considered."   SSR 03-2p, 2003 WL 22399117, at * 5.   As in *Plair*, there is here "no indication [the ALJ] considered Plaintiff's impairments or pain complaints through the lens of SSR 03-2p."   2022 WL 703013, at *4.   Thus, even if the ALJ's determination that Plaintiff's CRPS was not a severe impairment at step two was either supported by substantial evidence or harmless, the ALJ's failure to analyze her symptoms, pursuant to the directives of SSR 03-2p, in formulating her RFC and consequently determining that she could

perform her past relevant work requires remand. *Cf. Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010) ("[A]t step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination.").

As the Court concluded in *Plair*, "[c]onsidering that the ALJ did not cite to or refer to SSR 03-2p, did not specifically evaluate Plaintiff's CRPS (other than by passing reference), and did not provide a rationale for this omission, [the court is] uncertain he was aware of the unique nature of CRPS and the agency's policy for evaluating claims based on it." 2022 WL 703013, at *6. As this Court has similarly held, failure to properly consider CRPS, pursuant to SSR 03-2p, can undermine an ALJ's RFC determination, even if the failure to discuss it at step two is otherwise harmless. *See Hawkes*, 2014 WL 129341, at *6 (citing *Volk v. Astrue*, 2012 WL 4466480, at *4 (M.D. Fla. Sept. 27, 2012)). While the Court does not conclude that the ALJ committed reversible error for failing to find that Plaintiff's CRPS was a severe impairment at step two, it finds that the ALJ's failure to evaluate her CRPS undermines his evaluations at the subsequent steps. *Cf. Plair*, 2022 WL 703013, at *4 (finding an

ALJ's failure to "engage with SSR 03-2p at all . . . pulls the substantial evidence rug out from under the ALJ's decision in general.").

## IV.   Conclusion

For the reasons set forth above, this matter should be **REMANDED** to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g).   This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 26th day of August, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA