UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| TAMMANY KATHLEEN SPENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-120 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R) of August 24, 2022, (doc. no. 24), to which objections, (doc. no. 25), and a response to those objections, (doc. no. 26), have been filed. This Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636)(b)(1). Although the Court adopts the Magistrate Judge's recommendation, it modifies the Report and Recommendation, in part, to address a potential ambiguity raised by the Commissioner in her Objection.

No party objects to the Magistrate Judge's statement of the legal standard applicable to the Court's review of an Administrative Law Judge's ("ALJ's") decision. (See generally doc. no. 25, doc. no. 26.) The Court, therefore, adopts it. The Magistrate Judge recommended that this matter be remanded to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g). (Doc. no. 24 at 15.) Specifically, the Magistrate Judge found that the ALJ's failure to properly consider Plaintiff's diagnosis of Complex Regional Pain Syndrome ("CRPS") undermined the ALJ's conclusions concerning Plaintiff's residual functional capacity ("RFC") and

ability to perform her past relevant work. (See id. at 14-15.) The Magistrate Judge explained that, although any error by the ALJ in failing to find that Plaintiff's CRPS was a severe impairment was harmless, courts, including this Court, have recognized that the failure to address the distinctive implications of CRPS, "can undermine an ALJ's RFC determination, even if the failure to discuss it [as a severe impairment] is otherwise harmless." (Id. at 14 (citing Hawkes v. Colvin, 2014 WL 129341, at *6 (S.D. Ga. Jan. 14, 2014).)

The Magistrate Judge's analysis relied on the Middle District of Florida's consideration of a similar objection in Plair v. Commissioner of Social Security, 2022 WL 703013 (M.D. Fla. Mar. 9, 2022). (See doc. no. 24 at 14.) The Plair court expressly noted "[o]ther courts have found error . . . where the ALJ failed to cite to or address SSR 03-2p [providing instructions for evaluating CRPS claims]," even where there is no error in the ALJ's consideration of the plaintiff's severe impairments. 2022 WL 703013, at *4. Plair continued: "the ALJ did not engage with SSR 03-2p at all, and this error . . . pulls the substantial evidence rug out from under the ALJ's decision in general." Id. The Commissioner's Objection does not offer any grounds that would distinguish this case from Plair; it does not mention Plair at all. (See generally doc. no. 25.) As the Plaintiff's response points out, the parallel between the issues in Plair and this case are striking. (See doc. no. 26 at 2.) As this Court has previously held, "[i]f an ALJ fails to adequately consider and address [CRPS], in accordance with SSR 02-2p, the ALJ's determinations are undermined with respect to . . . the RFC determination," and remand is warranted. Hawkes, 2014 WL 129341, at *6.

Despite the Court's adoption of the Magistrate Judge's Report and Recommendation, the Court is concerned that the Commissioner's Objection identifies a potential ambiguity that warrants clarification. The Commissioner objects that "[n]either the SSR itself nor binding

authority in this Circuit required the ALJ to cite SSR 03-2p to show consideration of CRPS . . . ." (Doc. no. 25 at 7.) To the extent that the Report and Recommendation could be construed to require such citation, the Court clarifies "[t]hat the ALJ did not specifically cite SSR 03-2p is not in and of itself reversible error if the ALJ's decision reflects he considered and applied the ruling." Plair, 2022 WL 703013, at *4. However, here, as in Plair, as the Magistrate Judge explained, the ALJ's passing reference to CRPS provides "no indication that [the ALJ] considered Plaintiff's impairments or pain complaints through the lens of SSR 03-2p." Id. (emphasis added); see also doc. 24 at 11 ("The ALJ here did not engage in significantly more analysis of Plaintiff's CRPS than was determined insufficient in Plair."), 14 (finding "the ALJ's failure to evaluate [Plaintiff's] CRPS undermines his evaluation . . ."). To the extent that the Report and Recommendation was ambiguous, therefore, the Court clarifies that the failure to specifically cite SSR 03-2p is not reversible error.

Accordingly, the Court **ADOPTS** the Report and Recommendation, (doc. no. 24), as modified above, as its opinion. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Court **REVERSES** the final decision of the Acting Commissioner and **REMANDS** this case to the Acting Commissioner for further consideration in accordance with the Court's opinion.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of September, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA