## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| TAMMANY KATHLEEN SPENCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV620-120 |
| KILOLO KIJAKAZI, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Tammany Kathleen Spence seeks attorney's fees under the Equal Access to Justice Act (EAJA).  Doc. 29.  The Defendant responded in opposition, doc. 32, and Plaintiff replied, doc. 33.  The motion is ripe for disposition.  It is **RECOMMENDED**[1] that Plaintiff's motion be **GRANTED**.  Doc. 29.

## I.       BACKGROUND

In this social security appeal, the District Judge reversed the final decision of the Acting Commissioner and remanded this case to the

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."  Fed. R. Civ. P. 54(d)(2)(D).  When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition."  Fed. R. Civ. P. 72(b)(1).

agency for further consideration, and judgment was entered in plaintiff's favor.  Docs. 27 (Remand Order) & 28 (Judgment).  Plaintiff then filed the instant motion requesting attorney's fees and expenses under the EAJA.  Doc. 29 at 1.

## II.   ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'"  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)).  Plaintiff won remand pursuant to sentence four of 42 U.S.C. § 405(g) and is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993); *see also* doc. 28.  She also filed her motion for attorney's fees within 90 days after entry of judgment as required. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993).  The main issue, then, is whether the Acting Commissioner's position was substantially justified.  Defendant argues it was, *see* doc. 32 at 1-6, and Plaintiff argues it was not, *see* docs. 29-1 at 3; 33 at 1-3.

As the Eleventh Circuit has explained:

To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could

satisfy a reasonable person." [*Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 n. 6 (1990)] (quotations omitted). Thus, the government's position must have a "reasonable basis both in law and fact." [*Reese v. Sullivan*, 925 F.2d 1395, 1396 (11th Cir. 1991)] (quotations and emphasis omitted). "The government bears the burden of showing that its position was substantially justified." *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). The outcome of the underlying litigation is not dispositive as to whether the government's position was substantially justified. [*Pierce v. Underwood*, 487 U.S. 552, 569 (1988)]. Furthermore, a position can be justified even if it is not correct. *Id.* at 566 n. 2 . . . .

*Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834–35 (11th Cir. 2014).

In this case, the Court remanded Plaintiff's case to the agency because the ALJ did not adequately consider Plaintiff's impairments or pain complaints relative to her diagnosis of complex regional pain syndrome (CRPS) as required by Social Security Ruling 03-2p. Doc. 27 at 2-3. The Court noted that the ALJ's failure to engage in any analysis of the Plaintiff's CRPS diagnosis through the lens of SSR 03-2p undermined the formulation of the Plaintiff's residual functional capacity. *Id.* at 2. The Government argues its position in this litigation was substantially justified, despite that determination, because it "had a reasonable basis in law and fact to contend that Plaintiff did not meet her burden of showing she had a [medically determinable impairment] of

CRPS and thus the ALJ did not have to consider the condition at any point in the decision . . . ." Doc. 32 at 3.

Contrary to the Commissioner's argument, the Court's Order remanding the case cites to persuasive authority discussing the error that arises when an ALJ fails to consider a claimant's subjective pain complaints through the lens of SSR 03-2p. *See* doc. 27 at 2-3 (discussing *Plair v. Comm'r of Soc. Sec.*, 2022 WL 703013 (M.D. Fla. Mar. 9, 2022)). The ALJ recognized Plaintiff's CRPS diagnosis in passing, but did nothing more, even though the agency has formulated a specific policy for addressing claims based on CRPS. *See* doc. 24 at 14. The ALJ's decision omitted *any* analysis of "the distinctive implications of CRPS." Doc. 27 at 2. The Government defended that decision, even though it cited the same persuasive authority relied upon by the Court in its opening brief. *See* doc. 21 at 17 (citing *Plair*, 2022 WL 703013, at *3). It then failed to engage, at all, with *Plair*'s analysis. *See id.* It did not distinguish the facts of that case or present any countervailing binding or persuasive authority on the direct question addressed in *Plair*. *Id.* Even now, in response to the Plaintiff's EAJA fee request, it does not offer any explanation for that omission other than pointing out that the authority

relied upon was "a non-binding district court decision." *See* doc. 32 at 2; *see also generally id*. Considering the Government carries the burden of showing that its position was substantially justified, *Stratton*, 827 F.3d at 1450, the absence of any explanation for its failure to engage with known persuasive authority is fatal to its defense of the fee request.

Because the Court should find that the Government has not met its burden of showing its position in this case was substantially justified, it should also find that Plaintiff is entitled to an award pursuant to the EAJA. Therefore, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Id*. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon

prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

Plaintiff initially sought "attorney's fees of $8,642.51 for 37.60 attorney hours."  Doc. 29 at 1.  However, in reply to the Government's response, she withdrew her "request for payment of the .25 hour expended to respond to the show cause order."  Doc. 33 at 4.  Therefore, Plaintiff seeks compensation for 37.35 hours, or "fees in the amount of $8,571.18 (the amount originally requested less $71.33 for the .25 hour to prepare the response to the show cause order) plus $21.48 in expenses for the service of process by certified mail."  Doc. 33 at 8.

The 37.35 hours counsel expended in vindicating Plaintiff's argument for remand appear reasonable.  Those hours include reviewing the relative merits of the case, preparing the initial pleading, reviewing the transcript, which totaled 1,285 pages, *see* doc. 17-1, conducting legal research, drafting Plaintiff's initial brief, reviewing the Government's response, drafting a reply, reviewing the undersigned's Report and Recommendation and the Commissioner's objections, conducting

additional legal research drafting a response to those objections, and reviewing the Court's final Order remanding the case. *See* doc. 29-3 at 1-2. It does not appear that these hours would be "unreasonable to bill to a client." *Norman*, 836 F.2d at 1301.

The Government argues that the 7.35 hours spent drafting Plaintiff's reply brief and the 3.5 hours spend responding to the Commissioner's objections, including an hour of "Legal Research," are "not reasonable under the circumstances" and should therefore be reduced. Doc. 32 at 8-9. It does not cite to any authority or evidence in support of its argument. *Id.* "Generalized statements that the time spent was reasonable or unreasonable . . . are not particularly helpful and not entitled to much weight." *Norman*, 836 F.2d at 1301. The Government's argument is, therefore, unavailing. The Court should find the hours expended to be reasonable.

Plaintiff seeks fees at an hourly rate that match the EAJA cap of $125, adjusted by "the change in the cost of living." *See* doc. 29-1 at 4; *see also* doc. 29-3 (table showing hourly rates from $209.05 to $238.29). A cost-of-living increase is specifically mentioned in the EAJA as a factor justifying a higher hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). The

Government does not appear to object to Plaintiff's counsel's hourly rate. *See generally* doc. 32.   The Court should approve counsel's proposed hourly rate as reasonable.  *See, e.g., Thomas v. Kijakazi*, CV419-271, doc. 24 at 3 (S.D. Ga. April 5, 2022) (finding rates of $206.60 and $219.63 per hour reasonable).

## III.   CONCLUSION

For the foregoing reasons, the Court should **GRANT** Plaintiff's Motion for Attorney Fees, doc. 29, and award Plaintiff[2] $8,571.18 in attorney's fees plus $21.48 in expenses.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.

---

[2] Plaintiff's motion indicates that Plaintiff has assigned payment of EAJA fees to her counsel. Doc. 29 at 1-2; *see also* doc. 29-2.  In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"). Plaintiff indicates no opposition to this procedure.  Doc. 29 at 1-2.

Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of April, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA