UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| TAMMANY KATHLEEN SPENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-120 |
| | ) | |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 34), to which objections, (doc. no. 35), and a response to those objections, (doc. no. 36), have been filed. Accordingly, the R&R is **ADOPTED**, and Plaintiff's Motion for Attorney's Fees is **GRANTED**. (Doc. no. 29.)

The Magistrate Judge recommended that Plaintiff's request for fees under the Equal Access to Justice Act ("EAJA") be granted and Plaintiff be awarded $8,571.18 in attorney's fees plus $21.48 in expenses. (Doc. no. 34 at 8.) In doing so, the Magistrate Judge found that the Defendant had not met its burden of showing its position in these proceedings was substantially justified. (Id. at 3-5.) The Commissioner objects, arguing the Magistrate Judge applied an incorrect standard in analyzing whether its position was substantially justified. (Doc. no. 35 at 4-7.)

---

[1] Martin O'Malley is now the Commissioner of Social Security and has been substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to update the docket accordingly.

1

The Magistrate Judge correctly stated the governing standard, quoting from the Eleventh Circuit:

> To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 n. 6 (1990) (quotations omitted). Thus, the government's position must have a "reasonable basis both in law and fact." Reese v. Sullivan, 925 F.2d 1395, 1396 (11th Cir. 1991) (quotations and emphasis omitted). "The government bears the burden of showing that its position was substantially justified." Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). The outcome of the underlying litigation is not dispositive as to whether the government's position was substantially justified. Pierce v. Underwood, 487 U.S. 552, 569 (1988). Furthermore, a position can be justified even if it is not correct. Id. at 566 n. 2 . . . .

(Doc. no. 34 at 2-3 (quoting Monroe v. Comm'r of Soc. Sec. Admin., 569 F. App'x 833, 834–35 (11th Cir. 2014) (alterations omitted)).) Additionally, as the Plaintiff points out in her response to Defendant's objection, the Court must analyze "both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department. [Cit.] . . . Unless the government can establish that *all* of its positions were substantially justified, the claimant is entitled to receive attorney's fees." (Doc. no. 36 at 1-2 (quoting Myers v. Sullivan, 916 F.2d 659, 666, n.5 (11th Cir. 1990)).)

As the R&R explains, this case centers around the Plaintiff's CRPS diagnosis, and the ALJ's inadequate discussion of that diagnosis, despite the agency's formulation of a specific policy for addressing such claims. (Doc. no. 34 at 4.) The ALJ's decision, although referencing the claimant's CRPS diagnosis, did not engage at all in the required analysis. (Id.) The Commissioner then defended that decision, even though it cited to persuasive authority, directly on point, that counseled a different conclusion. (Id.) A de novo review of the record shows that the Magistrate Judge's conclusion was correct; the Defendant has not met its burden and an award of fees is appropriate.

For the foregoing reasons, the Defendant's objections are **OVERRULED**, and the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. no. 34.) Plaintiff's Motion for Attorney's Fees is **GRANTED**. (Doc. no. 29.) Plaintiff is awarded $8,571.18 in attorney's fees and $21.48 in expenses. (Doc. no. 34 at 8.) Upon the entry of this order, the Acting Commissioner will determine whether Plaintiff owes a debt to the Government that qualifies under the Treasury Offset Program, 31 U.S.C. §§ 3711, 3716. If Plaintiff owes such a debt, the fee award will be applied towards that debt with any remaining funds remitted to Plaintiff. See Astrue v. Ratliff, 560 U.S. 586, 589 (2010). The Government may, in its discretion, accept Plaintiff's assignment of EAJA fees and pay the award directly to Plaintiff's counsel.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of April, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA