UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| TAMMANY KATHLEEN SPENCE, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CV620-120 |
| MARTIN J. O'MALLEY, ) ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). Doc. 39. Defendant does not oppose the motion. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion.") For the reasons set forth below, it is **RECOMMENDED**[1] that Plaintiff's motion be **GRANTED**. Doc. 39.

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

I.   **BACKGROUND**

In this social security appeal, the District Judge reversed the final decision of the Commissioner and remanded this case to the agency for further consideration, and judgment was entered in plaintiff's favor. Docs. 27 (Remand Order) & 28 (Judgment). Plaintiff sought and was awarded attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"). Doc. 29 (Motion); doc. 38 (Order). On remand, the Social Security Administration awarded Plaintiff $67,069.00 in past-due benefits. Doc. 39-1 at 1; *see also* doc. 39-2 at 5 (Notice of Award). Plaintiff's counsel seeks 25% of that award, or $16,767.25, less the $8,571.18 paid to counsel under the EAJA, for a net total of $8,196.07, pursuant to 42 U.S.C. § 406(b). Doc. 39 at 1.

II.  **ANALYSIS**

Under 42 U.S.C. § 406(b), counsel may seek a reasonable contingency fee not in excess of "25 percent of the total of the past-due benefits to which the claimant is entitled." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006) (quoting § 406(b)(1)(A)) (quotation marks omitted). "Assuming that the requested fee is within the 25 percent limit, the court must then determine whether 'the fee sought is

reasonable for the services rendered.' " *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* The fee is payable "out of, and not in addition to, the amount of the past-due benefits." *Gisbrecht*, 535 U.S. at 795 (quotation marks and citation omitted).

The amount requested, $16,767.25, is exactly 25 percent of the total past due benefits awarded as contemplated by Plaintiff's fee agreement with counsel. Doc. 39-1 at 1-2; *see also* docs. 39-2 (Notice of Award), 39-3 (Fee Agreement). Counsel expended 37.6 hours successfully prosecuting Plaintiff's case, resulting in an effective hourly rate of approximately $446. *See* doc. 39-5. When considering whether this amount is reasonable, the Court must take into account "counsel's skill, time expended, and the risk involved with contingent fee arrangements." *Ellington v. Saul*, 2020 WL 6142246, at *1 (S.D. Ga. Oct. 19, 2020). While an award may be unreasonable if it is disproportionally large in comparison to the time spent on the case, the "best indicator of the

3

'reasonableness' of a contingency fee is the contingency percentage actually negotiated." *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. Sept. 11, 2002) (quotation marks and citation omitted).

Here, counsel successfully prosecuted this case resulting in this Court ordering remand, *see* doc. 27, and ultimately secured benefits for his client. He seeks only the amount Plaintiff contractually agreed to pay. *See* doc. 39-3. The Court should find the amount reasonable. *See, e.g.*, *Adams v. Berryhill*, 2017 WL 2415645, at *3 (S.D. Ga. June 2, 2017) (finding an award with an effective hourly rate of $850 to be "generous and reasonable" and collecting cases).

The Court notes, as does counsel, that the Court has already awarded EAJA fees in the amount of $8,571.18. *See* doc. 38; *see also* doc. 39-1 at 2. As counsel acknowledges, an attorney who receives fees under both the EAJA and § 406(b) must refund the smaller fee to his client to avoid double recovery. Doc. 39-1 at 2; *see also Gisbrecht*, 535 U.S. at 796; *Jackson*, 601 F.3d at 1273-74; *Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674 (11th Cir. 2013) ("[T]he 'Savings Provision' of the EAJA required [claimant's counsel] to refund either the EAJA award or the § 406(b) award, whichever was smaller."). However, counsel asks, instead, that

4

the Court award a net fee, reducing the fee award by the amount previously awarded under the EAJA. He points to authority from the Eastern District of Virginia finding that a reduction in the fee award by the amount of the prior EAJA award "is an appropriate and reasonable alternative to granting a full fee award but ordering counsel to reimburse Plaintiff with the amount of the lesser award." Doc. 39-1 at 2-3 (citing *Widmer v. Kijakazi*, 668 F. Supp. 3d 446, 447 (E.D. Va. 2023)). In light of this persuasive authority, the Court should award counsel the net amount.

### III. CONCLUSION

The Court should **GRANT** Plaintiff's unopposed Motion for Attorney Fees under the Social Security Act 42 U.S.C. § 406(b). Doc. 39. Plaintiff's counsel should be awarded $8,196.07 in attorney's fees, which is equal to 25 percent of the total past due benefits awarded to Plaintiff as contemplated by the contingent fee agreement between Plaintiff and counsel, less the $8,571.18 already awarded under the EAJA.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this

R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of November, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA